968 F.2d 1212
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Trevi Nathaniel EDWARDS, Defendant-Appellant.
 No. 91-5854.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: May 22, 1992
Decided: July 10, 1992
 
 Michael Morchower, Lauren Caudill, Morchower, Luxton & Whaley, Richmond, Virginia, for Appellant.
 E. Montgomery Tucker, United States Attorney, Thomas L. Eckert, Assistant United States Attorney, Roanoke, Virginia, for Appellee.
 Before RUSSELL, WIDENER, and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Trevi Nathaniel Edwards was indicted on three counts of filing false income tax returns in contravention of 26 U.S.C. § 7206(1) (1988). Specifically, he was charged with failing to report income derived from illegal gambling activities on his 1983, 1984, and 1985 income tax returns. He was convicted after a jury trial on all three counts; he appealed. Finding no error, we affirm.
 
 
 2
 Edwards raises only one claim on appeal: that the district court erred in admitting evidence of his gambling activities and those of his family. During the course of the seven-day trial, over ninety witnesses testified. Edwards contends on appeal that the testimony of several of these witnesses should have been excluded under Fed. R. Evid. 403. The disputed testimony includes that from an Atlantic City casino employee who testified about occasions on which Edwards visited his casino and gambled. Further, several law enforcement officers testified about raids they conducted on property titled to Edwards's wife and children; during these raids the officers found evidence of an illegal numbers operation. Finally, a former supervisor of a shoe manufacturing plant testified that he saw one of his employees passing a bag, which he thought contained gambling materials, to someone who looked like Edwards.
 
 
 3
 The standard of review for the admission of evidence under Fed. R. Evid. 403 is whether the district court plainly abused its discretion. United States v. Simpson, 910 F.2d 154, 157 (4th Cir. 1990). A conviction will only be reversed if the Court is "left with a firm conviction that an abuse of discretion has occurred that has worked to the prejudice of a defendant." Simpson, 910 F.2d at 157. Evidence should be excluded if its probative value is substantially outweighed by its prejudicial effect. Fed. R. Evid. 403. The disputed testimony in this case was probative of the likely source of Edwards's money during the period in question, an element of proof necessary to the government's case. See United States v. Massei, 355 U.S. 595 (1958). After a thorough review of the briefs and joint appendix, we conclude that the probative value of the disputed testimony outweighed its prejudicial effect, and we hold that the district court did not abuse its discretion in admitting the testimony. Consequently, we affirm Edwards's conviction.
 
 
 4
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not significantly aid the decisional process.
 
 AFFIRMED